CONCURRING OPINION BY
JUDGE McCullough
I concur in the Majority’s thoughtful analysis, however, I write separately to expound upon the Majority’s discussion of the Department of Environmental Protection’s (DEP) mandate under section 3215(c) of the Pennsylvania Oil & Gas Act, also known as Act 13, 58 Pa.C.S. § 3215(c), to consider the impact of the proposed well on public resources, including public drinking supplies. It is necessary to make this clarification as the parties continue in this process.
As recognized by the Pennsylvania Supreme Court, the Act must comply with the Pennsylvania Constitution, specifically, Article I, section 27, known as the Environmental Rights Amendment, which provides:
The people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment. Pennsylvania’s public natural resources are the common property of all the people, including generations yet to come. As trustee of these resources, the Commonwealth shall conserve and maintain them for the benefit of all the people.
Pa. Const, art. I, § 27 (emphasis added).
Significantly, in making a determination as to the impact of a proposed well upon public resources, DEP is instructed that it “shall” consider the enumerated list of public resources. 58 Pa.C.S. § 3215(c). However, while section 3215(c) of Act 13 requires DEP to consider the enumerated public resources, the list is by no means exclusive or exhaustive. Clearly, DEP’s mandate is to consider the impact of the proposed well on public resources, which includes, but is not limited to, the six enumerated resources.
In full, section 3215 (c) provides:
On making a determination on a well permit, the department shall consider the impact of the proposed well on public resources, including, but not limited to:
(1) Publicly owned parks, forests, game lands and wildlife areas.
(2) National or State scenic rivers.
(3) National natural landmarks.
(4) Habitats of rare and endangered flora and fauna and other critical communities.
(5) Historical and archaeological sites listed on the Federal or State list of historic places.
(6) Sources used for public drinking supplies in accordance with subsection (b).
58 Pa.C.S. § 3215(c) (emphasis added).
The Majority correctly interprets the Supreme Court’s holding in Robinson Township v. Commonwealth, 623 Pa. 564, 83 A.3d 901 (2013) (Robinson Twp. I), that section 3215(c) is enjoined to the extent that it implements or enforces section 3215(b) of Act 13. However, although paragraph 6 of section 3215(c) is enjoined to the extent it applies to the setback and distance restrictions of 3215(b), I believe it is clear DEP is not precluded from, and is in fact mandated to consider, a proposed well’s impact on public resources, which would include sources for public drinking supplies.
In other words, DEP must consider the impact of a proposed well upon public *832 drinking supplies because it is a public resource under the ambit of the prefatory language in section 3215(c). The mandate upon DEP to consider the impact of proposed wells upon public drinking supplies as a public resource is, I believe, integral to the purpose of the Act. Any other interpretation would undermine DEP’s duty to consider the impact of a proposed well on public resources and, as trustee, to conserve and maintain public resources for the benefit of all citizens of the Commonwealth.
With respect to how DEP exercises its authority under section 3215(c) with respect to well permit applications (including, but not limited to, whether DEP follows the regulatory criteria established by the EQB), I agree with the Majority that it is better left to -the administrative agency process, followed by review in our appellate jurisdiction. (Op. at 830.)